## APPEAL OF COVINGTON & PEYTON, INC.

Docket No. 3379.   Submitted January 10, 1926.   Decided April 22, 1926.

Value of good will not determinable.

*Wm. H. DeLacy, Esq.*, for the taxpayer.
*L. C. Mitchell, Esq.*, for the Commissioner.

Before GRAUPNER, TRAMMELL, and PHILLIPS.

This appeal is from the determination of a deficiency in income tax in the amount of $798.60 for the fiscal year ended January 31, 1922. The taxpayer alleges error on the part of the Commissioner in refusing to allow an item of good will in the computation of invested capital.

### FINDINGS OF FACT.

The taxpayer is a corporation organized under the laws of Virginia, with its principal place of business at Charlottesville, and is engaged in the operation of a crockery and chinaware store.

From August 1, 1896, to December 3, 1918, the store was operated by E. A. Peyton and R. W. Covington as partners, each having an equal share. On December 3, 1918, the interest of Covington in the business, expressly including good will, was purchased by T. P. Peyton, a brother of E. A. Peyton. No particular amount in this transaction was ascribed to the value of the good will. The Peyton brothers conducted the business as equal partners until April 15, 1920.

On April 15, 1920, the taxpayer corporation was formed with a capitalization of $40,000, divided into 400 shares having a par value of $100 each. All the capital stock was issued in equal shares to the two partners, who turned over to the corporation the entire business, including, as shown by the minute book, the stock of goods, book accounts, assets, and good will.

At a later time, the date not being shown, the corporation wrote upon its books the sum of $7,801.15, as representing good will. This amount was determined upon by the stockholders as being the amount which, added to the physical assets, was sufficient to bring it up to $40,000, the par value of its issued and outstanding capital stock.

On the date of the incorporation, the Peyton brothers sold 20 shares of stock to H. S. Peyton, another brother, for $2,000, and 40 shares to B. T. Morrow for $2,000 and a promissory note for $2,000.

GRAUPNER: Since there was a change of ownership after March 3, 1917, and an interest or control of 50 per cent or more remained in the owner of the predecessor business, the provisions of section 331 of the Revenue Act of 1921 are applicable. The taxpayer has failed to establish by satisfactory evidence the value of the good will, if any, when acquired by its predecessor, and accordingly is not entitled to include the claimed value of the item of good will in its invested capital. *Appeal of W. F. Severa Co.*, 3 B. T. A. 664.

> The deficiency is $798.60. Order will be entered accordingly.